KAMER ZUCKER ABBOTT
Carol Davis Zucker #2543
Timothy W. Roehrs #9668
3000 West Charleston Boulevard, Suite 3
Las Vegas, Nevada 89102-1990
Tel: (702) 259-8640
Fax: (702) 259-8646
Email: czucker@kzalaw.com
Email: troehrs@kzalaw.com

Attorneys for Defendant
Nevada Cancer Institute

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SHAMINE POYNOR, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>NEVADA CANCER INSTITUTE,<br><br>Defendant. | Case No. 2:11-cv-00610 -PMP-LRL<br><br>**STIPULATED PROTECTIVE ORDER** |

Plaintiff Shamine Poynor ("Plaintiff") and Defendant Nevada Cancer Institute ("Defendant"), by and through their respective counsel of record, hereby stipulate and request that this Court issue an Order protecting the confidential nature of certain information, documents and records produced by the parties during the course of discovery.

**Background Information.**

The parties hereto acknowledge that, during the course of discovery in this matter, Defendant may be required to disclose business and/or financial information or documents containing business and/or financial information, that constitute trade secrets, and/or which contain information that is of a sensitive proprietary nature, and which are maintained by Defendant confidentially.

/ / /

**Nature of Defendant's business and information for which protection is sought.**

Defendant Nevada Cancer Institute is a non-profit corporation that operates a research-linked cancer care center located in in Las Vegas, Nevada. Because Defendant operates a cancer diagnosis and treatment facility, Defendant competes in the marketplace in Nevada and California with for-profit medical providers that also provide cancer diagnosis and treatment to patients from Nevada and California. Disclosure of unpublished financial information and information related to its business strategies is likely to cause competitive harm to Defendant's business. Because of its research function, Defendant relies to a significant extent upon philanthropic donations and grants from private sources (persons and foundations) as well as from grants from government entities, much emanating from Nevada and the Clark County, Nevada area; but also on a nationwide basis. Defendant actively pursues philanthropic donations and grants following strategic plans unique to the Institute, and tries to honor donor requests for privacy. As part of its research function, documentation is generated that references proprietary information regarding research processes and developments, including those for which patent protection has been or will be sought. Defendant also is involved in conducting clinical trials for various forms of cancer treatment, and thus maintains records both as to the patients particpating in the clinical trials as well as for the clinical trial sponsors (outside companies) who are, themselves, involved in research and development and thus have placed the Institute under contractual confidentiality obligations. In addition, as do other medical providers, NVCI creates and maintains records on patients that it treats or evaluates; information from these records are subject to statutory confidentiality obligations. NVCI also maintains records on its employees and faculty members, to whom it has made commitments and and as to which the Institute possesses obligations to maintain confidentiality.

For these reasons, Defendant contends that dissemination of such non-public confidential and proprietary information may cause competitive, operational and/or financial harm to Defendant, including but not limited to loss of revenue. Defendant's concerns in this respect involve disclosure of its unpublished financial data; unaudited financial data; financial

projections; fundraising data; financial condition; correspondence with, documents provided to, or data transfers to Defendant's consultants, banks and/or the financial institutions' consultants regarding Defendant's finances, as well as documents, data or information provided to those entities; business/financial forecasts or strategy; loan/financing agreements; Defendant's business development plans or proposals; current and planned business partnerships, strategic alliances, and other contractual relationships, including information received by NVCI from any entities regarding any potential such relationships; non-public donor information to include names and amounts donated and/or pledged, donor restrictions on pledges and/or donations, revenue expected from future donor pledges and donations; documents or records relating to clinical trials and clinical trial billing; technological developments that are trade secrets, that constitute proprietary information and/or involve pending patent applications or patents granted; any data that is not publicly available relating to research, inventions and patents; pricing information; patient billing or cost information; debt; written contracts or the terms of contracts; documents received or relating to payments to or billings by external vendors; employment agreements; patient information; minutes and records from peer review meetings; documents or records relating to government regulatory matters; compilations of commercial information; documents, minutes, notes or other information from or regarding Defendant's board of directors, committee meetings or other management meetings that reference and/or contain such confidential data; employee and faculty records (the latter of which are maintained separately from personnel records) as well as documents and information that is not publicly available regarding other employment litigation, demands or administrative agency claims filed against NVCI and communications with NVCI's brokers and insurers regarding such claims, litigation and demands.

Defendant has long had a practice of safeguarding proprietary business and research information, as referenced above. As part of its policy and practice of protecting such data, Defendant has had a practice of requiring all of its employees, as a condition of employment, to execute written confidentiality agreement in which each expressly agrees not disclose

confidential and proprietary information or trade secrets outside of NVCI and further agrees that such confidentiality obligation survives the termination of the employee's employment. Accordingly, the Plaintiff in this action executed a confidentiality agreement and each putative class member executed a confidentiality agreement.

At the same time, to some degree such information may be discoverable in this action, and thus this Stipulation is proposed to facilitate disclosure of discoverable documents and information while protecting proprietary and confidential information and trade secrets.

**Stipulation.**

The parties therefore agree and stipulate that good cause exists for a protective order covering the confidentiality of such confidential information during pre-trial discovery pursuant to Fed. R. Civ. P. 26(c), Phillips v. General Motors, 307 F.3d 1206, 1210 (9th Cir. 2002), and Foltz v. State Farm, 331 F.3d 1122, 1130 (9th Cir. 2003).

As such, it is hereby stipulated by and between the parties that: if, in the course of this action: a party produces admissions, answers to interrogatories, or documents, electronic files, or other things or information which it considers constitute "Confidential Information" as defined below; if a witness testifies to, or there is deposition testimony which a party believes contains "Confidential Information;" or if third parties produce information the parties deem to be "Confidential Information," the following procedure shall govern pursuant to Fed. R. Civ. P. 26(c):

1. Any documents (and the contents thereof), electronic files, or other things or information falling within the definitions set forth in paragraph A immediately following, that are produced or provided by one of the parties (or by non/third-parties): pursuant to Fed R. Civ. P. 26(a); as testimony; or in response to interrogatories, requests for admissions, requests for production of documents, or subpoena; may be designated and/or marked, in whole or in part, "Confidential" by the producing party at the time of production or by the receiving party upon receipt. If so, the following procedure applies:

A. **"Confidential Information"** is defined herein as information that contains or discloses Defendant's and their affiliates', unpublished financial data; unaudited financial data; financial projections; fundraising data; financial condition; correspondence with, documents provided to, or data transfers to Defendant's consultants, banks and/or the financial institutions' consultants regarding Defendant's finances, as well as documents, data or information provided to those entities; business/financial forecasts or strategy; loan/financing agreements; Defendant's business development plans or proposals; non-public current and planned business partnerships, strategic alliances, and other contractual relationships, including information received by NVCI from any entities regarding any potential such relationships; documents that Defendant and its affiliates are required to keep confidential by contract or law; donor information to include names and amounts donated and/or pledged, donor restrictions on pledges and/or donations, revenue expected from future donor pledges and donations; documents or records relating to clinical trials and clinical trial billing; technological developments that are trade secrets, that constitute proprietary information and/or involve pending patent applications or patents granted; any proprietary data that is not publicly available relating to research, inventions and patents; pricing information; patient billing or cost information; debt; written contracts or the terms of contracts; documents received or relating to payments to or billings by external vendors; employment agreements; patient information; minutes and records from peer review meetings; documents or records relating to government regulatory matters; compilations of commercial information; documents, minutes, notes or other information from or regarding Defendant's board of directors, committee meetings or other management meetings that reference and/or contain such confidential or proprietary data or information or trade secrets; employee and faculty records (the latter of which are maintained separately from personnel records) as well as documents and information that is not publicly available regarding any claims asserted, other employment litigation, demands or administrative agency claims filed against NVCI and communications with NVCI's brokers and insurers regarding such claims,

litigation and demands; and/or other information which Defendant in good faith reasonably believes to be of a commercially, operationally, or financially sensitive or proprietary nature.

B. **Designation of "Confidential" Information:**

(1) If a party produces to the other party documents that contain Confidential Information as defined above, that party may designate a document, or a portion of it, as "Confidential" before producing that document to the other party. Such designation shall be made by marking, stamping or typing the words "Confidential" on the document at the time it is produced to the receiving party's counsel, or by providing to the other party in writing a designation of the document by Bates-number as "Confidential".

(2) A party may designate deposition testimony of or regarding Confidential Information as "Confidential" by orally making this designation on the record either at the commencement of the deposition, at the time the testimony is given, and/or before the end of that day's questioning. Following such designation, the court reporter shall mark "Confidential" on the transcript or portion thereof containing the "Confidential" testimony.

(3) In addition, documents produced by one party or a non/third party may be designated "Confidential" by any other party by that party: marking the document, in whole or in part, "Confidential" in the same manner; and then forwarding a copy of the marked document to the other/opposing party. If the documents have been numbered by the producing party, the party seeking the designation may then designate by number each document it believes should be "Confidential."

C. **Where no objection to "Confidential" designation**. If the receiving party has no objection to the "Confidential" designation, the receiving party may either expressly notify the other parties or allow the ten (10)-calendar-day objection period (as set forth in subparagraph 2.A.) to lapse. Where there has been no objection as above, once the document has

been produced to the receiving party the document shall be treated as a "Confidential" document, pursuant to this Stipulated Protective Order.

**2. Procedure/Conditions in the event of objection to "Confidential" designation.** The following conditions shall apply in the event of an objection to the "Confidential" designation:

A. If there is an objection to the "Confidential" designation, the party so objecting must notify the other party in writing of both the objection and the grounds for the objection within ten (10) calendar days of the date the designation was made, and the procedure in subparagraph 2.B, infra, shall apply. If the "Confidential" designation was received via U.S. Mail or overnight mail/delivery service, an additional three (3) calendar days shall be added to the period referenced immediately above.

B. If the parties do not agree that the documents, information or testimony should be treated as confidential, the parties shall attempt to resolve the issue informally. If a resolution does not occur, the party that designated the documents or testimony at issue "Confidential" may file a motion with the Court to resolve the dispute. Such motion must be filed within thirty (30) calendar days following receipt of the written objection to the designation. If an objection is raised, the documents, testimony and/or information at issue shall be governed by paragraphs 3-8 of this Stipulated Protective Order, and treated and regarded as "Confidential" from the date of disclosure and/or production until the dispute is resolved informally by the parties or a final order is issued by the court resolving the dispute. If the parties do not informally resolve the dispute and no motion is filed by the party that designated the documents "Confidential," the documents subject to the dispute shall no longer be deemed "Confidential," under the terms of this Stipulated Protective Order. In the event of such motion, the parties having entered into this Stipulation and the existence of the court's Order entered thereon shall not affect the burden of proof on any such motion, nor impose any burdens upon any party that would not exist had the stipulation and this Stipulated Protective Order not been entered.

**3. Treatment of Confidential Information.** Any document; electronic file; testimony, or portion, summary, or abstract thereof; or other Confidential Information that marked "Confidential" pursuant to this Stipulated Protective Order shall not be disclosed to any persons other than the parties, counsel of record for the parties, attorneys, legal assistants and clerical personnel employed by them, and other persons to whom disclosure is necessary for purposes of this litigation. If a class action is approved by the Court, Confidential Information shall not be disclosed to any member of the class unless he or she acknowledges in writing the terms of this Stipulated Protective Order and agrees to comply fully with them. Each class member and/or non-party to whom a party makes such disclosure and any party subsequently joined in this action shall read this Stipulated Protective Order and acknowledge in writing on the document attached hereto as **Exhibit A** that he/she is fully familiar with the terms thereof and agrees to comply with, and be bound by, this Stipulated Protective Order until modified by either further order of the Court or agreement of all the parties. The foregoing obligations of confidentiality, except as established by the Court in this litigation, shall not apply to any of the above persons or parties to the extent that the information is available to the public at the time of production by the parties, or which is subsequently disclosed to such persons or parties by others who are not under obligations of confidentiality.

**4. Use of Confidential Information in Court Filings.** If any party seeks to attach or include Confidential Information or documents, testimony, or other items containing Confidential Information to/in a motion for summary judgment or other motion, pleading or document filed with the Court; and for documents containing Confidential Information which are identified in the joint pretrial order, the party or parties shall first submit to the Court, separate from the motion, pursuant to Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1179-81 (9th Cir. 2006), an application to seal documents/information, which will include a memorandum of points and authorities (hereinafter "Application" or "Application to Seal").

A. The Application to Seal must set forth: (a) in the case of a dispositive motion, the compelling reasons that exist to seal such documents, testimony or information; or

(b) in the case of a non-dispositive motion, that there is "good cause" pursuant to Rule 26(c), to have the Confidential Information sealed. In the case of a dispositive motion, the Application will articulate facts identifying the interests favoring continuing the secrecy of the attachments/information, and show that these specific interests outweigh the public's interests in disclosure sufficient to overcome the presumption of public access to dispositive pleadings and attachments.

B. Any Application to Seal shall be served upon filing on all opposing parties together with the documents proposed to be filed under seal. Any opposing party shall have fifteen (15) days from service of any such filed Application in which to file a response.

C. In the event the party obligated to file an Application to Seal is the Plaintiff or a party other than Defendant, that party is obligated to file a joint Application to seal with the Defendant prior to filing any motion, pleading or document containing or including Confidential Information.

D. In lieu of filing an Application to Seal, a party obligated to file an Application to Seal, will be relieved of that obligation: (a) upon entering into a stipulation with the opposing party to redact, in an agreed upon manner, the document or item containing Confidential Information, such that the confidentiality of all Confidential Information is sufficiently protected; and (b) so long as appropriate redaction occurs prior to filing.

E. After an Application to Seal is approved by the Court, any motion for summary judgment or other motion, pleading or document party that includes Confidential Information or documents, testimony, or other items containing Confidential Information must be filed "under seal" pursuant to the District Court CM/ECF electronic filing system.

**5. Use of Confidential Information.** Any documents, testimony, and/or information that has been rendered "Confidential" under the parties' Stipulated Protective Order is to be used only in the above-captioned action, and may not be used in any other action or for any other purpose unless the party seeking to make such use acquired the documents, testimony, and/or information from a source independent of the above-captioned action.

6. **Treatment of Confidential Information Upon Termination of Action.** Within sixty (60) calendar days of the entry of the final order concluding any judicial and appellate proceedings relating to this case, all "Confidential" documents or things; any copies, summaries, and abstracts thereof; or notes relating thereto, shall be destroyed or returned to the producing party, except as otherwise ordered by the Court or stipulated in writing by the parties. Such destruction shall be confirmed in writing to the producing party. Counsel of record shall obtain return of such information, things, and/or documents from any person to whom that counsel has made available the documents or information produced by the other party designated as "Confidential." Notwithstanding any other language contained in this Order, each party's counsel of record and in-house counsel and/or any party, to the extent that party does not have counsel of record, shall be allowed to retain for its files a copy of all pleadings, motions, exhibits, or other papers filed and/or lodged with the Court, and of all documents designated by both parties or any non-party as "Confidential" and/or summaries or abstracts thereof (including but not limited to documents of any type prepared by a party and/or counsel that are subject to the attorney-client privilege and/or the attorney work product doctrine). All such documents and information retained by counsel of record or by any party who does not have counsel of record, must be maintained in a confidential manner and used only in accordance with this Order.

7. **Amendment.** This Stipulated Protective Order may be amended without prior leave of the Court by agreement in the form of a stipulation and order that shall be filed in this case.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

///

8. The parties reserve their rights to assert the confidentiality of documents and information produced irrespective of their production pursuant to this Stipulated Protective Order.

OUTTEN & GOLDEN LLP

By: ______________________

Jack A. Raisner, Esq.
René S. Roupinian, Esq.
3 Park Avenue, 29th Floor
New York, New York 10016

Lawrence J. Semenza, Esq.
Lawrence J. Semenza, III, Esq.
3025 East Post Road
Las Vegas, Nevada 89120

Attorneys for Plaintiff

KAMER ZUCKER ABBOTT

By: ______________________

Carol Davis Zucker #2543
Timothy W. Roehrs #9668
3000 West Charleston Boulevard, Suite 3
Las Vegas, Nevada 89102

Attorneys for Defendant

**ORDER**

IT IS SO ORDERED:

______________________
UNITED STATES MAGISTRATE JUDGE

Dated: August 23, 2011

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of August, 2011, the undersigned, served a copy of the foregoing **STIPULATED PROTECTIVE ORDER** pursuant to the Electronic Case Filing system of the United States District Court, District of Nevada:

Lawrence J. Semenza, Esq.
Lawrence J. Semenza, III, Esq.
Semenza & Semenza, LLP
3025 East Post Road
Las Vegas, Nevada 89120
Email: lsemenza@semenzalawfirm.com

Jack A. Raisner, Esq.
René S. Roupinian, Esq.
Outten & Golden LLP
3 Park Avenue, 29th Floor
New York, New York 10016
Email: rsr@outtengolden.com

By ______________________
Employee of Kamer Zucker Abbott

**EXHIBIT A**

I acknowledge that I have read the stipulated protective order on file in Poynor v. Nevada Cancer Institute, Case No. 2:11-cv-00610-PMP-LRL and I understand and agree to be bound by its terms. I further understand that I may be subject to sanctions imposed by the Court, or charges for contempt of court, in the event that I violate that protective order.

I hereby consent to the jurisdiction of the United States District Court for the District of Nevada for the limited purpose of any proceeding to enforce the terms of this Protective Order.

DATED: ______________________________

BY: ______________________________